[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15903
Non-Argument Calendar

_____

D. C. Docket No. 04-00076-CR-4-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENT DUDLEY JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 23, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Brent Dudley Jones appeals his concurrent 41-month sentences, imposed

after he pled guilty to charges of conspiracy to commit bank fraud and bank fraud,

in violation of 18 U.S.C. §§ 1344 and 371 and 2, based on his involvement in a

counterfeit check ring. On appeal, Jones argues that the district court erred by calculating his sentence based on a loss amount that was greater than the amount of the checks in the counts to which he pled guilty, and that was not admitted by him or submitted to a jury, in violation of *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004). Jones also contends that the district court erred by enhancing his sentence based on his supervisory role in the offense, and that it was error for the district court not to review his role in relation to that of the other participants.

## I. Constitutional Claim

In the instant case, Jones objected to the Presentence Investigation Report ("PSI"), and at sentencing, regarding the enhancement of his sentence based on judicially-determined facts, and accordingly, preserved this issue for appeal. Therefore, we review his sentence *de novo*, reversing only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." *United States v. Mathenia*, ___ F.3d ___ No. 04-15250 (11th Cir. May 23, 2005) (citing *Paz*, 405 F.3d at 948-49).

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction,

2

any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court also held, in *Blakely*, that the imposition—based solely on the sentencing judge's factual findings—of a sentencing enhancement above the 53-month standard range indicated in the State of Washington's Sentencing Reform Act violated the defendant's Sixth Amendment rights because the facts supporting the findings neither were admitted by the defendant, nor found by a jury. *See Blakely*, 542 U.S. at ___, 124 S.Ct. at 2534-38. The Court in *Blakely*, however, expressly stated that "[t]he Federal Guidelines are not before us, and we express no opinion on them." *Blakely*, 542 U.S. at ___, 124 S.Ct. at 2538 n.9.

The Supreme Court, in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), through Justice Steven's majority opinion, ultimately found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue [in *Blakely*]." *Booker*, 543 U.S. at ___, 125 S.Ct. at 749. Therefore, the Court concluded that the mandatory nature of the guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Id.*, 543 U.S. at ___, 125 S.Ct. at 749-51. The Court also explicitly reaffirmed its rationale in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the

3

facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 543 U.S. at ___, 125 S.Ct. at 756. In *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *petition for cert. filed*, (U.S. Feb. 23, 2005) (No. 04-1148) (emphasis in original), we stated that, under the holding in *Booker*, "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury."

Because Jones's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by Jones, the district court committed constitutional error. Because it is not clear beyond a reasonable doubt that this error was harmless, Jones's sentence is vacated and remanded for resentencing in light of *Booker* under the advisory guidelines system

## *II. Role Enhancement*

We recently stated that a district court's obligation under *Booker* to consult the guidelines, "at a minimum, obliges [it] to calculate *correctly* the sentencing range prescribed by the Guidelines." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). We further stated that a district court's misinterpretation of the Sentencing Guidelines "effectively means that the district court has not

4

properly consulted the Guidelines." *Id.* at 1179 (internal quotations and citation omitted). Because, under *Booker*, the district court still must consider the proper application of the Sentencing Guidelines, we will address Jones's challenge to the § 3B1.1(b) enhancement. *See id.*

We review for clear error a district court's determination of a defendant's role in the offense. *United States v. DeVaron*, 175 F.3d 930, 937 (11th Cir.) (*en banc*). Section 3B1.1(b) provides for a three-level enhancement if a "defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). In determining the nature of the defendant's role, the court may consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4).

Upon careful review of the record, and consideration of the parties' briefs,

we vacate and remand for resentencing.  We note, on remand, however, that the district court did not err factually by applying a three-level enhancement based on Jones's role as a manager of the scheme.

**VACATED AND REMANDED.**